## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF                                       **MISCELLANEOUS**

**JOSEPH N. MOLE**                                   **NO. 11-966**

### ORDER[1]

The Court en banc issued an Order on June 5, 2015 suspending Joseph N. Mole from the practice of law before this Court for a term of one year with six months deferred, such discipline to be effective immediately.[2] Judge Berrigan dissented from the Findings and the Order as noted therein.[3] Judge Berrigan's dissent and her proposed findings and recommendations, which essentially provide the reasons, have been filed in the record.[4] Judge Berrigan dissents from this Order.

On June 15, 2015, Mr. Mole filed a Motion to Stay and Maintain Confidentiality of Proceedings,[5] which the Court granted that same day.[6] On June 15, 2015, Mr. Mole also filed a Motion for Production of Judge Berrigan's Written Findings and Recommendations and for Access to Court Docket Report and Record,[7] a Motion to

---

[1] Having previously been recused, Judge Fallon and Judge Feldman took no part in these proceedings. Judge Zainey, having previously been remitted by a party to this disciplinary action, abstained. On September 11, 2011, Judge Engelhardt disqualified himself in this matter under the mandatory provisions of Title 28, Section 455 and Canon 3-C(1) of the Code of Judicial Conduct because his sister-in-law is a partner at Stone Pigman and Wayne Lee, another Stone Pigman partner, is on the Attorney Disciplinary Committee. (R. Doc. 49.) The Court subsequently determined that Judge Engelhardt's recusal is not required in this situation as Mr. Lee was not compensated for his participation in this disciplinary proceeding and as a result his sister-in-law does not have an interest in the outcome of this proceeding. Judge Engelhardt participated in all subsequent votes, including those in favor of the June 5, 2015 Order and Findings and the Order of this date. All participating members of the en banc Court including active and senior judges, other than Judge Berrigan who dissented, voted in favor of the June 5, 2015 Order and Findings and the result would be the same even if Judge Engelhardt had been recused.

[2] R. Doc. 224. The en banc Court's Findings were issued that same day. R. Doc. 223.

[3] *See* R. Doc. 223, n.1 and R. Doc. 224, n.2.

[4] *See* R. Doc. 238.

[5] R. Doc. 227.

[6] R. Doc. 229.

[7] R. Doc. 225.

Vacate Order of June 5, 2015 and for New Trial,[8] and an Ex Parte Motion for Expedited Hearing.[9]

On June 29, 2015, Mr. Mole filed a Motion to Alter, Amend, and/or Clarify Order of June 5, 2015[10] and a Motion to Vacate and Reconsider Order of June 25, 2015.[11]

The en banc Court has reviewed Mr. Mole's Motion to Vacate Order of June 5, 2015 and for New Trial and finds no reason to vacate its prior Order or Findings or to grant a new trial.[12] Disciplinary matters are allotted to a particular judge for the holding of an evidentiary hearing and the submission of proposed findings and recommendations to the en banc Court for the full Court's determination of the disciplinary sanctions to be imposed, if any.[13] The Court en banc must decide whether to dismiss the complaint or impose appropriate discipline.[14] Appropriate discipline is not limited to the discipline recommended by the allotted judge and, instead, may include any of the sanctions listed in Rule 8. The en banc Court is free to conduct an independent review of the record[15] and consider the full range of available options

---

[8] R. Doc. 226.

[9] R. Doc. 228.

[10] R. Doc. 236.

[11] R. Doc. 237.

[12] Contrary to Mr. Mole's characterization, this is not a de novo review of the evidence supporting a prior order. Before the en banc Court acted on June 5, 2015, there was no prior ruling of the Court to review.

[13] Rules 7.1 and 7.4 of the United States District Court for the Eastern District of Louisiana, Rules for Lawyer Disciplinary Enforcement (referred to herein as the Rules). After this submission, the referral to the allotted judge for hearing terminates and any further action concerning the disciplinary matter must be taken by the en banc Court. For this reason, on June 25, 2015 the Court vacated Judge Berrigan's "orders" and struck them from the record because the matters were on submission to the en banc Court.

[14] Rule 7.5.

[15] Mr. Mole argues the sworn Senate testimony reviewed by the Court is not a part of the record. A transcript of the Senate testimony was attached as Exhibit 2 to Mr. Mole's Response to the disciplinary complaint. R. Doc. 5-2. The Response, with the transcript attached as Exhibit 2, was introduced as Exhibit 3 at the evidentiary hearing. The Court's Findings, R. Doc. 223, inadvertently referred to the transcript of the Senate testimony as Exhibit 2 rather than as Exhibit 2 to Exhibit 3; the Court makes that correction now. Judge Berrigan's Minute Entry of September 6, 2013 reflects that Exhibit 3 was admitted into evidence at the September 6, 2013 hearing without limitation. R. Doc. 200. The transcript of the hearing also reflects that Exhibit 3 was admitted into evidence without objection and without limitation. R. Doc. 211, p. 7. Respondent's footnote 2 on page 2 of R. Doc 201 was not mentioned at the hearing when the

before entering its findings and order of dismissal or discipline. The orders of the court in disciplinary matters are the orders of the en banc Court.

Mr. Mole argues the en banc Court has only two options once a disciplinary matter has been allotted to a judge for the holding of an evidentiary hearing: impose the discipline *recommended by the allotted judge* or dismiss the complaint. He also argues the en banc Court may not find misconduct has been proven by clear and convincing evidence unless the allotted judge agrees. The Court finds no support in the Rules for his position.

In this case, Judge Berrigan recommended the charges against Mr. Mole be dismissed. It is unclear what options Mr. Mole believes are available to the en banc Court when the allotted judge recommends that the charges be dismissed. Presumably, since the allotted judge recommended no discipline, the en banc Court has no choice but to dismiss the complaint. In effect, Mr. Mole would have the allotted judge usurp the en banc Court's function of deciding disciplinary complaints. For us to agree would be an abdication of the en banc Court's obligation to determine disciplinary matters.[16] We reject Mr. Mole's argument on this point.

The en banc Court considered but rejected Judge Berrigan's proposed findings and recommendations finding them untenable under the facts[17] and the law. Judge Berrigan apparently views Mr. Mole purely as a victim of the judicial system and

---

document was introduced nor adopted by Judge Berrigan in open court or in her minute entry. The sworn Senate testimony forms a part of the record in this matter and was properly relied on by the Court.

[16] Rule 2.

[17] Mr. Mole argues the Court did not consider evidence presented at the evidentiary hearing and, instead, considered only the Senate testimony. The Court did consider evidence presented at the evidentiary hearing, but also gave weight to the sworn testimony before the Senate in the impeachment proceedings of former Judge Porteous. This testimony was given at a time when the witnesses had no personal stake in the outcome.

believes he should not be held responsible for his own actions.[18] While the Court does not excuse or condone the conduct of former Judge Porteous, Mr. Mole's actions and the sanctions he should receive for his actions are at issue in this proceeding.

Particularly troubling is Judge Berrigan's endorsement of Mr. Mole's justification for his actions – because his client would have fired him if he had not.[19] Louisiana Rule of Professional Conduct 1.16 requires a lawyer to withdraw from representation if the representation will result in violation of the rules of professional conduct or other law. Louisiana Rule of Professional Conduct 1.16.4 authorizes a lawyer to withdraw from representation if a client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement. Rather than risking his own termination, or affirmatively withdrawing from the representation, Mr. Mole instead identified and recommended the hiring of Mr. Gardner solely because of Mr. Gardner's close friendship with former Judge Porteous and then drafted the letter agreement between Lifemark and Mr. Gardner to include a $100,000 severance fee in the event former Judge Porteous was recused. Taken as a whole, the evidence provided clear and convincing evidence that Mr. Mole's intent was to prompt former Judge Porteous's recusal. Mr. Mole's professional responsibility in this situation was not to compound the unethical web encircling this litigation but to do the right thing, even if that meant losing the representation of a client in this lucrative litigation. Mr. Mole's fear of losing a client in no way justifies his actions in the eyes of the en banc Court.

---

[18] R. Doc. 230-2, p. 30. Judge Berrigan believes "the minefield Mr. Mole successfully navigated was caused by a failure of the judiciary."
[19] R. Doc. 211, p. 53.

The Motion to Vacate Order of June 5, 2015 and for New Trial[20] is denied as being without merit.

The Ex Parte Motion for Expedited Hearing[21] is denied as moot.

The Motion for Production of Judge Berrigan's Written Findings and Recommendations and for Access to Court Docket Report and Record[22] is granted with respect to Mr. Mole's request for a copy of the Court's docket report. A copy of the Court's docket report for this proceeding, redacted only with respect to documents that do not relate to Mr. Mole, has been provided to him. The documents reflected on the Court's docket report relating to Mr. Mole were served on his counsel at the time of filing. The motion is denied as moot with respect to his request for Judge Berrigan's dissent and proposed findings and recommendations. Those documents have been filed in the record and provided to Mr. Mole.[23]

The Attorney Disciplinary Committee filed a Consent Motion for Extension of Submission Date[24] to respond to Mr. Mole's Motion to Vacate Order and for New Trial. In light of this Order, the Motion is denied as moot.

The Motion to Alter, Amend, and/or Clarify Order of June 5, 2015[25] is denied as moot. The Court notes the information requested regarding the vote on the en banc Court's Order and Findings of June 5, 2015 has been provided to Mr. Mole.[26] The documents reflected in the Court's docket report, the transcript of the evidentiary

---

[20] R. Doc. 226.
[21] R. Doc. 228.
[22] R. Doc. 225.
[23] R. Doc. 238.
[24] R. Doc. 232.
[25] R. Doc. 236.
[26] *See* n.1.

hearing before Judge Berrigan,[27] and the documents admitted into evidence at the hearing[28] comprise the record relied on by the Court in this matter and they are in the possession of Mr. Mole.[29]

The Motion to Vacate and Reconsider Order of June 25, 2015[30] is denied.[31] Judge Berrigan has the right as a member of the Court to dissent from decisions by the en banc Court and to file her dissent and reasons therefor in the record. The issue is whether her dissent and proposed findings and recommendations were properly filed in the record by virtue of a single judge's grant of a motion pending before the en banc Court.[32] Judge Berrigan's proposed findings and recommendations had been submitted to the en banc Court. At that point the referral to her as the allotted judge terminated and any further action in this disciplinary matter had to be taken by the en banc Court. The Court finds the orders[33] were properly vacated.[34]

---

[27] R. Doc. 211.

[28] R. Doc. 200.

[29] The en banc Court also considered but rejected the proposed findings and recommendations of Judge Berrigan.

[30] R. Doc. 237.

[31] Judge Berrigan's "Order" of June 19, 2015, R. Doc. 230, vacated and stricken from the record by the Court's Order of June 25, 2015, R. Doc. 235, along with her dissent and her redacted proposed findings and recommendations, was transmitted by Judge Berrigan to Mr. Mole's counsel and to the Disciplinary Committee through Patricia Krebs. Ordinarily, proposed findings and recommendations on a disciplinary matter would be part of the Court's internal deliberations and would not be filed in the record or disclosed to the parties. The Court has filed Judge Berrigan's proposed findings and recommendations into the record as R. Doc. 238, redacted only to remove the portion unrelated to Mr. Mole's proceedings. The Court notes that Judge Berrigan recommended the charges against Mr. Mole be dismissed and that a formal apology be issued to him, presumably from the Court, a suggestion the Court finds totally unwarranted under the circumstances.

[32] The Committee's request for an extension of the submission date, also pending before the en banc Court, also was improvidently granted by Judge Berrigan.

[33] R. Docs. 230 and 233.

[34] Mr. Mole surmises without any support that there was a premature or inappropriate distribution of the Order of June 5, 2015 and that this serves as a justification for Judge Berrigan's orders. R. Doc. 237-1, p. 2. There is absolutely no evidence of a premature or inappropriate distribution of the June 5, 2015 Order in the record. The Order was filed in the record unsealed on June 5, 2015 and remained unsealed until June 15, 2015. R. Doc. 229. During that period there was no prohibition on public access to or distribution of the Order. If the distribution occurred during that time, which is unclear, nothing premature or inappropriate occurred. The June 5, 2015 Findings and Order have been unsealed by this Order.

The stay of proceedings ordered by the Court on June 15, 2015[35] is hereby lifted. The June 5, 2015 Findings and Order[36] are hereby unsealed. This Order shall not be sealed. No further motions or briefing will be entertained and no further stays will be granted. Mr. Mole has been given full due process in these proceedings. His arguments must be pursued on appeal.

**New Orleans, Louisiana, this** <u>2nd</u> **day of July 2015.**

<u>Sarah Vance</u>

**SARAH S. VANCE,  CHIEF JUDGE**
**FOR THE EN BANC COURT**

---

[35] R. Doc. 229.
[36] R. Docs. 223 and 224.

7